Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSE ALVAREZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>SCHEER, GREEN, & BURKE, CO. L.P.A. and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1.  The mailing addresses of the parties to this action are:

    JOSE ALVAREZ
    321 Lake Street, Apt. 3
    Newark, New Jersey 07104

    SCHEER, GREEN, & BURKE, CO. L.P.A.
    1 Seagate, Suite 640
    Toledo, Ohio 43604

**PRELIMINARY STATEMENT**

2.  Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendant, SCHEER, GREEN, & BURKE, CO. L.P.A.

("SCHEER LAW") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Essex County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. SCHEER LAW is law firm with an office at 1 Seagate, Suite 640, Toledo, Ohio 43604.

8. SCHEER LAW uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. SCHEER LAW is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from SCHEER LAW (*See* **Exhibit A**), which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that

    violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    i. Whether the Defendants violated various provisions of the FDCPA;

    ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will

fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to March 26, 2019, Plaintiff allegedly incurred a financial obligation to UNIVERSITY HOSPITAL ("HOSPITAL").

19. Plaintiff allegedly incurred the HOSPITAL obligation in connection with medical services provided.

20. The HOSPITAL obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

21. Plaintiff incurred the HOSPITAL obligation by obtaining goods and services which were primarily for personal, family and household purposes.

22. The HOSPITAL obligation did not arise out of a transaction that was for non-personal use.

23. The HOSPITAL obligation did not arise out of a transaction that was for business use.

24. The HOSPITAL obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. HOSPITAL and/or its predecessor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26. On or before March 26, 2019, the HOSPITAL obligation was referred to SCHEER LAW for the purpose of collection.

27. At the time the HOSPITAL obligation was referred to SCHEER LAW the HOSPITAL obligation was past due.

28. At the time the HOSPITAL obligation was referred to SCHEER LAW the HOSPITAL obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

29. Defendants caused to be delivered to Plaintiff a letter dated March 26, 2019, which was addressed to Plaintiff and sought a balance of $2,219.00 on the HOSPITAL obligation. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

30. The March 26, 2019 letter was sent to Plaintiff in connection with the collection of the HOSPITAL obligation.

31. The March 26, 2019 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

32. The March 26, 2019 letter was the initial written communication that Plaintiff received from Defendant. No other written communication was received by Plaintiff from Defendant within five days of the March 26, 2019 letter.

33. Upon receipt, Plaintiff read the March 26, 2019 letter.

34. The March 26, 2019 letter stated in part:

> The above-mentioned account has been referred to this office for collection. The amount stated above is the current balance due.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> This is an attempt to collect a debt. Any information obtained will be used for that purpose.

35. The March 26, 2019 letter also stated in part:

> **In review of the above referenced account, you may be eligible for a discount from the balance currently due to our creditor. Please repond by calling (419) 243-2283 and press #2, <u>on or before 04/27/2019</u>**. (emphasis added)

36. Defendant's request for payment within the "30 day dispute period" without the inclusion of a "reconciling statement" violates the FDCPA as it overshadows and renders the "validation notice" (15 U.S.C. § 1692 g(a) et seq.) ineffective.

37. Where an actual or apparent contradiction of the validation notice exists, the letter must include a reconciling statement to avoid the confusion that would result if the letter does not explain how the demand for payment fits together with the consumer's right to dispute the debt. See Wilson v. Quadramed Corp., 225 F.3d 350 (3d Cir 2000).

38.     "Thus, in order to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter - the required notice must also be conveyed effectively to the debtor." <u>Wilson v. Quadramed Corp.</u>, 225 F.3d 350 at 354 (3d Cir. 2000); (citing <u>Swanson v. Southern Oregon Credit Serv., Inc.</u>, 869 F.2d 1222, 1224 (9th Cir. 1988)); see also <u>Graziano v. Harrison</u>, 950 F.2d 107, 111 (3d Cir. 1991). See also <u>Grubb v. Green Tree Servicing</u>, 2014 WL 3696126, at *9 (D.N.J. July 24, 2014), <u>Grubb v. Green Tree Servicing</u>, 2017 WL 3191521 at *5 (D.N.J. July 27, 2017).

39.     Plaintiff and others similarly situated would be confused by Defendant's demand for payment within the "30 day dispute period" allowed under the FDCPA. If Plaintiff and others similarly situated sent payment within the "30 day period" would they be giving up their rights to dispute the debt or have it verified? If Plaintiff and others similarly situated disputed the debt and also sent payment, and the debt was found invalid, would Defendant return the payment?

40.     Defendant's March 26, 2019 letter creates confusion and leaves the Plaintiff and others similarly situated uncertain as to their dispute rights under the FDCPA.

41.     In addition, the March 26, 2019 letter stated in part:

> Although we are a law firm, at this time, no attorney with this firm has personally reviewed the particular circumstances of your account, evaluated your case or made any recommendations concerning the validity of the creditor's claims.

42.     "Since the UPL Committee issued Opinion 8 in 1972, it has been clear that lawyers who send collection letters are engaged in the practice of law. A lawyer cannot disclaim the fact that he or she is engaging in the practice of law when using law firm letterhead. A lawyer who has not reviewed the file, made appropriate inquiry, and exercised professional judgment has engaged in an

incompetent and grossly negligent practice of law in violation of RPC 1.1(a). A lawyer who permits office staff, or a client, to send collection letters when the lawyer has not individually reviewed the file, made appropriate inquiry, and exercised professional judgment, is assisting in unauthorized practice of law in violation of RPC 5.5(a)(2) and engaging in deceitful conduct in violation of RPC 8.4(c)." See ADVISORY COMMITTEE ON PROFESSIONAL ETHICS JOINT OPINION, Debt Collection Practices, Reaffirming UPLC Opinion 8 and ACPE Opinions 259 and 506 (5/31/12).

43. The March 26, 2019 letter was not signed by an attorney with SCHEER LAW.

44. SCHEER LAW, LLC is not licensed to practice law in New Jersey.

45. No attorney employed by SCHEER LAW was licensed to practice law in New Jersey as of March 26, 2019.

46. No attorney employed by SCHEER LAW and licensed to practice law in New Jersey as of March 26, 2019 reviewed the Plaintiff's account or any supporting documentation prior to the March 26, 2019 letter being sent to Plaintiff.

47. No attorney employed by SCHEER LAW was licensed to practice law in New Jersey within the period beginning on the day one year prior to the date this complaint is filed to the present.

48. It is a crime to engage in the unauthorized practice of law in New Jersey. See N.J.S.A. 2C:21-22.

49. A violation of New Jersey laws, despite no private cause of action, can form the basis of a violation of the FDCPA. See Chulsky v. Hudson Law Offices, P.C., 777 F.Supp.2d 823 (D.N.J. 2011).

50. SCHEER LAW knew or should have known that its actions violated the FDCPA.

51. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

52. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken; and

   (c) Overshadowing and/or contradicting Plaintiff's rights under the FDCPA.

53. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

54. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

55. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

56. Defendant's letters would cause the least sophisticated consumer to be confused about his or her rights.

57. Defendant's letters would cause the least sophisticated consumer to be confused about his or her right to dispute the debt in light of with Defendant's demand for payment within the "30 day dispute period".

58. Defendants violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with their communications to Plaintiff and others similarly situated.

59. Defendants engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. § 1692e and § 1692e(10).

60. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying that they had the right or legal authority to collect debts from Plaintiff and others similarly situated.

61. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

62. 15 U.S.C. § 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

63. Defendants violated 15 U.S.C. § 1692e(5) by attempting to collect the alleged debt in violation of New Jersey law.

64. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

65. Defendants violated 15 U.S.C. § 1692e(10) which prohibits the employment of false and deceptive means of collecting debt.

66. Defendant violated the FDCPA by overshadowing and/or contradicting the notices mandated by 15 U.S.C. § 1692g(a)(3) and (4).

67. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

68. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

69. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

70. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

71. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

72. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

73. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 2, 2019

Respectfully submitted,

By: *s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: December 2, 2019

*s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff